

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JOHNATHAN L. DAULTON, | * | CIV 05-4121 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison, in his individual and official capacities, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, an inmate in the Mike Durfee State Prison, filed this action pursuant to 42 U.S.C. § 1983. A summary judgment motion was filed by Warden Dooley, Michell Gielski and the State of South Dakota (Doc. 27.) The initial complaint named the State of South Dakota and Michell Gielski as defendants in this action. The State of South Dakota was dismissed as a defendant pursuant to the Court's Order dated December 16, 2006, Doc. 22. Defendant Gielski was dismissed with prejudice pursuant to the parties' Stipulation. *See* Order, Doc. 41, Feb. 28, 2006. Thus, the only remaining defendant in this action is Warden Robert Dooley in both his official and individual capacities. The summary judgment motion will be considered on the claims against Warden Dooley.

Plaintiff contends that he has received constitutionally inadequate medical care for pain in his feet. The relief he seeks in this action is as follows: "I would like to ask the courts to grant $1,050,000 to cover the amount of lost wages I will lose for the next 35 years because I am unable to stand long periods of time. The above amount will also cover the cost of my chronic care for my condition and this amount will also cover future medical bills for health conditions directly related to this condition such as my back pain." (Complaint, Doc. 1.) Given that the State of South Dakota

and Michell Gielski have been dismissed as Defendants, Plaintiff seeks an award of money damages against Defendant Warden Dooley.

Warden Dooley is sued in both his official and individual capacities. The Eleventh Amendment, however, bars Plaintiff from recovering money damages against a State employee in his official capacity and state officials sued in their official capacities are not "persons" for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). Thus, Warden Dooley is entitled to summary judgment on Plaintiff's official-capacity claims against Warden Dooley.

Moreover, the Court finds that Warden Dooley is entitled to summary judgment on the remaining claim against him in his individual capacity. There is no genuine issue of material fact remaining for trial that Warden Dooley was personally involved in any alleged deliberate indifference to Plaintiff's medical care or that he facilitated, approved, condoned or turned a blind eye to any such deliberate indifference. Warden Dooley's only involvement in this case was to respond to a grievance Plaintiff filed seeking to have the State pay for arch supports for his shoes or to provide shoes with sufficient support for his feet. (Doc. 18.) After consulting with the medical staff Warden Dooley denied Plaintiff's grievance because there was no medical order for arch supports. (*Id.*) But he informed Plaintiff that arch supports were available for purchase through the commissary without a medical order. (*Id.*)

The Eighth Circuit held in *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995), that because the warden lacked medical expertise he could not be held liable for the medical staff's diagnostic decision not to refer the plaintiff inmate to a doctor to treat his shoulder injury. The Court finds the case at hand is analogous to *Camberos*, in that Warden Dooley relied upon the medical staff to make diagnostic decisions regarding the medical care of Plaintiff's feet. Warden Dooley consulted the medical staff regarding Plaintiff's claim of inadequate medical treatment before responding to Plaintiff's grievance and learned that Plaintiff had been provided medical care for his feet and that there was no medical order for arch supports. Thus, there is no genuine issue of

2

material fact for trial that Warden Dooley was personally involved in any unconstitutional denial of medical care to Plaintiff and summary judgment will be entered in his favor. Accordingly,

 IT IS ORDERED that Defendant Robert Dooley's Motion for Summary Judgment, Doc. 27, is granted in both his individual and official capacities.

Dated this 21st day of April, 2006.

        BY THE COURT:

        _____
        Lawrence L. Piersol
        United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:_____
    DEPUTY